UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>J.H. DARBIE & CO., INC.,<br><br>　　　　　　　　　　　　　Defendant. | C.A. No. 22-cv-10482 (JHR) |

**[PROPOSED]** **FINAL JUDGMENT AS TO DEFENDANT J.H. DARBIE & CO., INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant J.H. Darbie & Co., Inc. ("Defendant" or "J.H. Darbie") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78q(a)] and Rule 17a-8 promulgated thereunder [17 C.F.R. § 240.17a-8] by failing to comply with the reporting, recordkeeping, and record retention requirements of chapter X of Title 31 of the Code of Federal Regulations.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $125,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act.  Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; J.H. Darbie & Co., Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### III.

J.H. Darbie shall pay the total penalty due of $125,000 in 12 installments to the Commission according to the following schedule:  (1) $25,000, paid within 14 days of entry of this Final Judgment; (2) ten monthly payments of $9,100, each of which shall be paid by the last business day of month for the 10 months following the entry of this Final Judgment starting with the month following the month that this Final Judgment is entered; and (3) one monthly payment of $9,000, paid by the last business day of the eleventh month following the entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, J.H. Darbie shall contact the staff of the Commission for the amount due for the final payment.

If J.H. Darbie fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth in this Final Judgment, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

(a) Within 90 days of the entry of the Final Judgment, at its own cost, hire an independent anti-money laundering ("AML") Compliance Consultant, not unacceptable to the Commission staff, to provide training to Defendant's management and employees regarding the proper implementation of Defendant's anti-money laundering policies and procedures ("AML P&P"). The training shall address Defendant's identification and investigation of potentially suspicious customer activity that meets the description of the "red flags" set forth in Defendant's AML P&P and in applicable regulatory guidance, including, without limitation, FINRA Regulatory Notice 19-18, and the filing of suspicious activity reports ("SARs") with the Department of Treasury's Financial Crimes Enforcement Network concerning such activity. Defendant shall cause the AML Compliance Consultant to complete the training described in this paragraph no later than 180 days from entry of the Final Judgment.

(b) Defendant shall certify, in writing, the completion of the training described in paragraph IV(a). Defendant shall also cause the AML Compliance Consultant to certify, in writing, the completion of the training described in paragraph IV(a). The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant and the AML Compliance Consultant shall each submit the

certification and supporting material to Alison Conn Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 60 days from the date of the completion of the undertaking.

    (c) Between 270 and 360 days of entry of the Final Judgment, Defendant shall retain an independent AML Compliance Consultant, not unacceptable to the Commission staff, to perform testing to assess whether Defendant is complying with (i) the recommendations set forth in the May 19, 2016 report by Defendant's third-party AML compliance consultant concerning potentially suspicious customer activity in low-priced securities, and (ii) applicable regulatory guidance regarding potentially suspicious customer activity including, without limitation, FINRA Regulatory Notice 19-18, and the filing of SARs concerning such activity; and that Defendant is properly implementing its AML P&P concerning potentially suspicious customer activity in low-priced securities and the filing of SARs concerning such activity. At least 30 days prior to beginning this testing, Defendant shall provide to the Commission staff a copy of the parameters for testing. Defendant shall cause the AML Compliance Consultant to complete the testing described in this paragraph no later than 450 days from entry of the Final Judgment.

    (d) Defendant shall certify, in writing, the completion of the testing described in paragraph IV(c). Defendant shall also cause the AML Compliance Consultant to certify, in writing, the completion of the testing described in paragraph IV(c). The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, including the results of the testing, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant and the AML

Compliance Consultant shall each submit the certification and supporting material to Alison Conn Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than 60 days from the date of the completion of the undertaking.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  September 13   , 2023
       New York, NY

                                                         JENNIFER H. REARDEN
                                            UNITED STATES DISTRICT JUDGE